Goldman *et al. v.* Clark *et al.*

CELIA GOLDMAN et al., Respondents, *v.* J. C. CLARK et al., Appellants.

Erecting a house and residing therein with one's family dedicates that building as a homestead.   It makes no difference that the house erected is large or suitable for a lodging house and used for such purpose.

Being once dedicated as a homestead, it can only be divested of that character by the joint deed of husband and wife.   A married woman can only convey by following prescribed forms.   No conveyance by the husband alone, and no lease made by him, could divest the property of its character as a homestead.

The statute which requires the owner of the property to make his claim of homestead is merely directory, and if the husband does not make such claim and point out the homestead property to the officers when it is levied on, the wife may do so.

The Constitution and the law has given the wife certain rights; the failure of the Legislature to point out the particular manner in which she shall assert them is immaterial.   She may come into a Court of equity according to the established forms and usages of that Court, and obtain any equitable relief to which she is entitled.

Appeal from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. R. S. Mesick presiding.

*Williams & Bixler*, for Appellants.

*Quint & Hardy*, for Respondents.

Opinion by Justice BEATTY, full Bench concurring.

J. C. Clark, as Sheriff of Storey County, levied an execution on certain real estate, which the respondents claimed as a homestead. Clark refusing to suspend proceedings under his execution and levy, respondents (M. Goldman and his wife, Celia) filed their bill praying the Court to enjoin Clark from further proceedings thereunder.

The facts shown by the pleadings and proof are as follows : Plaintiffs have been married and living together as husband and wife since 1854. In 1861 they purchased a lot in Virginia City and built a house upon it. This house was burned in the year 1863, and another house erected on the same premises in the Fall of that year. Both of these houses were of considerable magnitude, and constructed so as to be more suitable for a boarding or lodging house than a mere residence. Plaintiffs lived in these houses, occupying a portion of the rooms for a family residence, but letting out much the larger portion to lodgers. For a period of several months they rented out the entire premises to another person, to keep as a lodging house, but were again occupying the premises as a lodging house and residence when the levy was made. In the Fall of 1864 M. Goldman executed a deed of trust to one ———, for the property, to be held in trust for the sole use of his wife, Celia. The wife was named as the beneficiary in this deed, but was not otherwise connected with it ; she neither signed, acknowledged, nor in any otherwise, became a party to it than by silent acquiescence. The property when levied on was worth less than five thousand dollars.

The Court below enjoined the Sheriff from further proceedings, and he appeals.

Appellant makes a great many points in this case, some of which it will not be necessary to notice, as the views we are about to express will settle the entire controversy.

First, we think the facts set forth sufficiently show the pro-

perty was dedicated as a homestead.    We have fully expressed our views as to what is included in the homestead, in the case of *Clark* v. *Shannon*.   That opinion is referred to as settling this branch of the case.

The decisions from Michigan on their statute, are totally inapplicable to our statute.    The Michigan statute was framed, apparently, with a view to protect the family residence, without any regard to extent or value, ours to protect five thousand dollars' worth of land and improvements, including the family residence.    There is no similarity in the two Acts.

The Homestead Acts of 1861 provides that no alienation of the homestead without the signature and acknowledgment of the wife shall be valid, and a married woman can only consent according to prescribed forms.

She is incapable of contracting or assenting to any contract except in the manner specially prescribed by law.

If, then, the property in controversy was the homestead of the parties under the Act of 1861, and there has been no law since passed changing its character, it must remain so until it is alienated by the joint conveyance of husband and wife, executed in accordance with that Act.   As the wife never signed or acknowledged any conveyance, the deed of the husband was a mere nullity, at least so far as it affected her rights to the homestead.   And the fact that the husband rented out the premises for a period as a lodging house can make no difference to her.   Nothing but her own deed, properly acknowledged, could divest her rights.

But it is contended that the Constitution in effect repeals and destroys the Act of 1861, and that no rights can be asserted under that Act.

The Constitution provides by Section 2 of the Schedule as follows:

"All laws of the Territory of Nevada in force at the time of the admission of this State, not repugnant to this Constitution, shall remain in force until they expire by their own limitation or be altered or repealed by the Legislature."

Then this law remains in force unless there is something in other sections of the Constitution repugnant thereto.   We are

told that we will find such repugnant matter in Section 30 of Article IV. That section reads as follows :

" A homestead, as provided by law, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises; or for the erection of improvements thereon ; provided the provisions of this section shall not apply to any process of law, obtained by virtue of lien given by the consent of both husband and wife ; and laws shall be enacted providing for the recording of such homestead within the . county in which the same shall be situated."

To make out a repugnance between the law of 1861 and this section, it is first assumed that the expresssion, " A homestead as provided by law," means a homestead to be provided by some future law, and if that does mean a homestead to be provided by some future law, then it precludes the possibility of any homestead being protected by any past law. This is not the language of counsel, but we think embraces the whole idea. In the first place, we are not very positive that the assumption is warranted.

When the Constitution was adopted, there was a statute of the Territory exempting homesteads from forced sale. Was it not the intention of the framers of the Constitution to say that that law, or some one similar to it, should always remain a part of the statute law of the State ? But admitting that this language refers to a future law, then it amounts to a requirement or command laid on the Legislature to pass a law exempting homesteads from forced sales. The section also prescribes what some of the provisions of the Homestead Law shall be. But it leaves many details to future legislation. If it requires *future* action of the Legislature to provide what a homestead shall be, then this section of the Constitution is inoperative to protect a homestead until such Act is passed.

It appears strange to us that it should be contended that this clause of the Constitution is legislation so completely covering the whole ground of homestead exemption as to suspend all former laws on this subject, and at the same time that it is so

incomplete as to be wholly inoperative.   When the subject of one statute is embraced within another and later statute, it is said the latter repeals the former by implication.   It would, perhaps, be more correct to say that it supercedes the former.

If, then, the Constitution by its own terms exempts a homestead from forced sale, it may be said *in part* at least to supercede the Act of 1861, leaving only such portions of that Act in force, as relates to extent of homestead, matters of practice, etc., which are not provided for in the Constitution.   But if the Constitution did not take effect in regard to homesteads, until the Legislature passed the required law, then the old Act was not superceded until the new one went into effect and this property was protected alike under the old or new law.

The objection that M. Goldman could not bring this suit because he has sold his title, and Celia Goldman because she is not and never was the owner of the property, is rather technical.   In the first place, if the deed is invalid, has M. Goldman conveyed anything ?

But admitting for the argument he was, and is estopped from asserting his own claim to the homestead, that cannot divest the wife's claim.   It is true that the statute says the owner of the property shall make the claim of homestead when levied on.   But this is merely directory.

If the husband refuses to assert the homestead claim, and point out to the officer what he claims, this would not prevent the wife from asserting her claims.

If the Constitution and the law has given her certain rights, the failure of the Legislature to prescribe the particular manner in which she shall proceed to enforce them, cannot deprive her of these rights.   She may come into a Court of Chancery, according to the established forms and usages of such Courts, and obtain any equitable relief to which she is entitled.