[No. 992.]

JOHN S. CHILD, RESPONDENT, v. SAMUEL SINGLETON AND REBECCA SINGLETON, APPELLANTS.

HOMESTEAD—DECLARATION OF, MUST BE RECORDED—RIGHT OF HUSBAND TO MORTGAGE.—A homestead, in fact, in the absence of a recorded declaration that it has been selected as such, can be mortgaged by the husband alone without the consent of his wife.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion.

*A. C. Ellis and M. Tebbs*, for Appellants:

A mortgage, under our statute, is not a conveyance of lands, nor does the mortgagee take any estate in the land mortgaged. He acquires a lien upon it simply for the security of his demand, which can only be enforced by a judgment for the sale of the property mortgaged, and a sale in pursuance of the judgment. (*Bludworth* v. *Lake*, 33 Cal. 255; *Grattan* v. *Wiggins*, 23 Id. 16; *Nagle* v. *Macy*, 9 Id. 426; *McMillan* v. *Richards*, Id. 365.)

A mortgage is a mere incident to the debt which it secures, and follows the transfer of the note with the full effect of a regular assignment. (*Ord* v. *McKee*, 5 Cal. 515; *Bennett* v. *Solomon*, 6 Id. 134; *Peters* v. *Jamestown B. Co.*, 5 Id. 335; *McMillan* v. *Richards*, 9 Id. 365; *Koch* v. *Briggs*, 14 Id. 256; *Haffley* v. *Maier*, 13 Id. 13; *Kidd* v. *Teeple*, 22 Id. 255; *Dutton* v. *Warschauer*, 21 Id. 609.)

It can not, therefore, be claimed that the wife has been deprived of her homestead by the execution of a mortgage by the husband alone, when, before condition broken

and before a sale or decree, she pursues the statute, and files her declaration of homestead.

*R. M. Clarke* and *N. Soderberg*, for Respondent:

The right to the homestead exemption dates from the filing, for record, of the declaration. The enforcement of this salutary provision is indispensable to the protection of creditors, and the terms of the provision are mandatory. (Smyth Homestead and Exemptions, secs. 55, 56, 269; 13 Iowa, 122; *Bartholomew* v. *Hook*, 23 Cal. 278; *Manning* v. *Dove*, 10 Rich. (S. C.) L. 403; *Davenport* v. *Alston*, 14 Ga. 271; *Commercial Savings Bank of San Jose* v. *Daniel Corbett et al.*, 5 Sawyer, 543; *In re Reed*, Id. 410; 18 Id. 482; 26 Id. 140, 370; 36 Cal. 11.)

By the Court, BEATTY, C. J.:

Prior to the year 1874, the defendants were husband and wife, and were residing on a farm in Douglas county, which was, in fact, their homestead. On the twenty-fourth of January, 1874, and before either of the defendants had recorded a declaration of homestead, the husband mortgaged the premises to the plaintiff. This action having been commenced to foreclose the mortgage, the wife thereafter recorded a declaration of homestead, and the homestead claim is set up as a defense to the suit.

The district court decreed a sale of the mortgaged premises in satisfaction of plaintiff's demand. The single question raised by defendants' appeal is, whether a homestead, in fact, in the absence of a recorded declaration that it has been selected as such, can be mortgaged by the husband alone without the consent of his wife.

We can not agree with counsel for appellants, that the case of *Hawthorne and wife* v. *Smith*, 3 Nev. 182, is precisely in point. The question there was as to the manner of protecting the homestead against forced sale at the suit of an attaching creditor. Here the question is as to the disability of the owner to make a voluntary alienation of the homestead. For the power to sell undoubtedly includes the power to mortgage, and if the husband in this case had

the power to sell his homestead, without the consent of his wife, at any time prior to the filing of a declaration of homestead, then there can be no doubt that he had the power to subject it to the lien of a mortgage, and the mere fact that a sale of the property under judicial process has become necessary for the satisfaction of such lien, does not bring the case within the doctrine of *Hawthorne* v. *Smith.* If a mortgage is valid when executed, the vested rights of the mortgagee can not be defeated by any subsequent acts of third parties. In the case referred to it was held that an attaching creditor had no greater rights, as against the occupants of the homestead, than creditors at large, and that a sale at his suit could be defeated by the filing of a declaration of homestead at any time before sale. But it was not decided, nor was it intimated, that the making of such declaration would defeat a prior voluntary alienation by the owner of the property.

This, then, is the question to be decided: Did Singleton, before the filing of his wife's declaration, have the power to sell their homestead without her consent?

As the law stood, at the date of the adoption of the constitution, it is clear that he would have had no such power. (Stats. 1861, 24; *Goldman* v. *Clarke,* 1 Nev. 607.) Residence alone was then sufficient to constitute a legal homestead, and the husband had no power to sell or incumber it without the consent of his wife.

But by section thirty of article four of the constitution, the legislature of the state was enjoined to pass laws providing for the recording of homesteads, and in pursuance of this injunction, the law of 1865, entitled "An Act to exempt the homestead and other property from forced sale in certain cases," was passed. (Comp. L. 186, *et seq.*)

This law, while it does not expressly repeal the territorial law of 1861, has, in the opinion of the court, the effect of repealing it by implication. This being so, it follows that we have no other law on our statute book defining what a homestead is; and since it is only the homestead " *provided by law* " that can not be alienated without the consent of the owner's wife (Const., art. IV., sec. 3), it follows that

the homestead of these appellants, not having been selected by a recorded declaration of the claim (Comp. L. 186), was, at the date of the mortgage to plaintiff, subject to alienation by the husband alone. (See *Smith* v. *Shrieves*, 13 Nev. 303; *C. and S. Bank of San Jose* v. *Corbett*, 5 Saw. 547; Smyth on Homestead Exemptions, sec. 269, and authorities there cited.)

For these reasons the judgment of the district court is affirmed.