[No. 1508.]

F. B. ADAMS, RESPONDENT, *v.* LUCY BAKER, APPELLANT.

HOMESTEAD—MORTGAGE—EFFECT OF RECORDING—NOTICE.   A wife who has filed a declaration of homestead on community property is not affected with notice of a prior recorded mortgage executed by her husband, which misdescribes the property, under the statute concerning conveyances, which provides that recorded conveyances shall from the time of filing impart notice of the contents to subsequent "purchasers and mortgagees" only.

IDEM—RIGHTS OF HUSBAND AND WIFE.   Under Gen. Stats. 539, giving a wife the right to select a homestead out of the community property, and file the required declaration, where she does so, and the husband has given a prior mortgage which, because of error in description, does not cover the homestead, her rights are not affected by the fact that the parties to the mortgage intended it to embrace such homestead.

EQUITY—MISTAKE—REFORMATION OF INSTRUMENTS—PARTIES. In all cases of mistake in written instruments, courts of equity will interfere only as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them, with notice of the facts.

IDEM—MORTGAGE, WIFE'S RIGHT IN HOMESTEAD. Equity will. not reform a mortgage on community property, executed by a husband, in an action by a mortgagee against the wife, who has filed' a declaration of homestead on said property, where the wife had no notice of the defective mortgage at the time of the filing of such declaration of homestead.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Action to reform a mortgage by F. B. Adams against Archie Baker and Lucy Baker, his wife. From a decree in favor of plaintiff, defendant Lucy Baker appeals. Reversed.

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Appellant:

I. The description in the mortgage is utterly worthless; there is not a call in it which any one can say touches the land described in the homestead; Robinson and Spear streets are parallel streets and traverse the city of Carson; further, the evidence fails to show that Archer Baker did not have other property in Carson, which might touch either Spear or Robinson streets. Not even a purchaser would be bound to inquire where the property mortgaged lay, from the description in the mortgage, and *creditors do not need to act in good faith, and neither do homesteaders.* (*Larue* v. *Gilbert*, 18 Kan. 220; Waples on Homesteads, p. 3–4; *Beaton* v. *Reid*, 111 Cal. 484; *Fitzell* v. *Leaky*, 72 Cal. 483; *Bell* v. *Twilight*, 22 N. H. 419; 1 Story Eq. p. 387, and note 5; *Slattery* v. *Rafferty*, 93 Ill. 278.)

II. In the case at bar Mrs. Lucy Baker never saw the mortgage and never heard of it until she was sued. The doctrine of constructive notice by registry of deeds has application only to subsequent purchasers or incumbrancers. (6 Nev. 391; 80 Cal. 90; 6 Cal. 670; 20 Cal. 509; Jones on Chat. Mortgages, secs. 318, 319; 69 Iowa, 20.)

III. "If the land is so incorrectly described as to render its identity wholly uncertain the grant is void and cannot.

be explained by parol evidence so as to render the instrument effective." (Martindale on Conveyancing, sec. 88; 44 Mo. 332; 10 Vt. 555; Wade on Law of Notice, sec. 159; 12 Iowa, 14; *Racouillat* v. *Rene*, 32 Cal. 450; Wade on Law of Notice, secs. 175, 176, 148, 149; *Roberts* v. *McArthur*, (Minn.) 64 N. W. 903; *Hoban* v. *Cable*, (Mich.) 60 N. W. 466; *Graves* v. *Texas*, 31 S. W. 87; *George* v. *Bates*, 20 S. E. 828; *Mutual Loan Ass.* v. *Wyeth*, 17 So. 45; *Deaver* v. *Jones*, (N. C.) 19 S. E. 637; 28 Ill. App. 58; *Barthel* v. *Scotten*, 24 Can. S. C. R. 367.)

IV. Constructive notice can only be of what the record discloses. (40 Md. 331; *Bernard* v. *Campau*, 29 Mich. 162; *Frost* v. *Beekman*, 1 John. Ch. 299; 18 John. 564; *Peck* v. *Mallam*, 10 N. Y. 540; *Sharon* v. *Minnock*, 6 Nev. 378; Devlin on Deeds, secs. 650, 651, 1006; Gen. Laws of Nevada, 2594.)

V. From the foregoing authorities it is plain that the description in the mortgage is such that no one would be bound to take any notice of it, because it is senseless, and cannot be applied to any known tract. It is also plain that Mrs. Lucy Baker as a homesteader was not any more bound to take notice of it than would be any creditor of the mortgagor, even if she had seen and read the record, and the facts say that she did not see nor read it, nor ever heard of it until she was sued.

*Trenmor Coffin*, for Respondent:

I. The proofs all show, and it is admitted, that the premises intended to be correctly described in the mortgage and in the declaration of homestead were the community property of defendants Archer Baker and wife. The declaration of homestead was made long after the recording of the mortgage. Baker had a perfect legal right to mortgage and encumber the property without the knowledge or consent of his wife. (Gen. Stats. 504; *Childs* v. *Singleton*, 15 Nev. 461; *Bank of San Jose* v. *Corbett*, 5 Saw. (U. S. Cir. Ct.) 547.)

II. The record of plaintiff's mortgage was notice to defendant Lucy Baker of all of its contents. (Gen. Stats. 2593–4; *Grellet* v. *Heilshorn*, 4 Nev. 526; *Chamberlain* v. *Bell*, 7 Cal. 292.)

III. The constructive notice of the record was sufficient to put defendant upon her inquiry. Other facts and circumstances were also sufficient to put her upon her inquiry. She

knew her husband was largely indebted; she knew that his property had been levied upon under execution when the declaration of homestead was filed. Having been put upon her inquiry she must be charged with full knowledge of plaintiff's equities in the property. The element of *bona fides* is wanting especially where her means of information were so conveniently at hand. The facts were all within the knowledge of her husband with whom she was living amicably. She could have inquired of him. She employed an able and reliable attorney, whose employment called him to the county recorder's office. She could have requested him to examine the record. If she was ignorant of plaintiff's mortgage and of the fact that it was intended, and supposed, to cover the homestead by a correct description, her ignorance must be held to be willful. Such ignorance is at least suggestive of *mala fides.* (*Burbank* v. *Rivers,* 20 Nev. 159; *Mayor of Baltimore* v. *William,* 6 Md. 236, 274; *Allan* v. *McCalla,* 25 Iowa, 464; 96 Am. Dec. 56; *Crosier* v. *McLaughlin,* 1 Nev. 348; *Blasdell* v. *Stevens,* 16 Vt. 186–7; *Reed* v. *Gannon,* 50 N. Y. 345; *Hawley* v. *Cramer,* 4 Cow. 718; *Brewster* v. *Clamfit,* 33 Ark. 75–6; *Donald* v. *Beals,* 57 Cal. 402, *et seq.*)

IV. The reformation of the mortgage was not the creation of a new obligation or a new lien upon the premises, but was only a step in making effective the true and real contract between the plaintiff and Archer Baker. Defendant Lucy Baker was not a subsequent purchaser or incumbrancer for value, but stood rather as a voluntary grantee, claiming in privity under her husband, who executed the mortgage. Her right to make and record a declaration of homestead is by virtue of being the wife of defendant Archer Baker. She so declares in her declaration of homestead. She is bound by the reformation of the mortgage regardless of any defect in the description contained in her declaration of homestead, and regardless of any verdict or finding upon this subject. (*Sample* v. *Rawe,* 24 Ind. 209, 215; *Styers* v. *Robbins,* 76 Ind. 548–9; *Morris, Admr.* v. *Stern,* 80 Ind. 228, 232; *Ross* v. *Worthington,* 11 Minn. 438; *Brewster* v. *Clamfit,* 33 Ark. 72; *Snell* v. *Snell,* 14 N. E. Rep. (Ill.) 684, 686; *Tucker* v. *Field*; 51 Miss. 191; *Lestrade* v. *Barth,* 19 Cal. 661; *Pierson* v. *McCahill,* 21 Cal. 122; *Hayford* v. *Kocher,* 65 Cal. 389; *Savings & L. So.* v.

*Meeks*, 66 Cal. 372; *White* v. *Shepperd*, 16 Tex. 163; *Smith* v. *Greely*, 14 N. H. 378; *Wilson, Admr.* v. *Stewart*, 63 Ind. 294; *Quivey* v. *Baker*, 37 Cal. 465; *Murry* v. *Dake*, 46 Cal. 645; *Donald* v. *Beals*, 57 Cal. 399; *Kocher* v. *Hayford*, 59 Cal. 318; *Isenhoot* v. *Chamberlain*, 59 Cal. 630; *Eva* v. *McMahon*, 77 Cal. 467; Jones on Mortgages, secs. 97, 98, 99; *Witherington* v. *Mason*, 86 Ala. 347.)

By the Court, BONNIFIELD, J.:

This action was brought by F. B. Adams, as plaintiff, against Archer Baker and Lucy Baker, his wife, as defendants. The object of the action was to secure the reformation and foreclosure of an alleged mortgage executed by Archie Baker to said plaintiff.

The plaintiff alleges in his complaint, in substance and in brief, that on the 9th day of October, 1895, the defendant, Archie Baker, was indebted to the plaintiff in the sum of $764 75, and executed and delivered to plaintiff his certain promissory note for said sum on said day; that at the time of the execution of said note said defendant, Archie Baker, the better to secure the payment of the same, executed to plaintiff his certain mortgage, a copy of which is attached to the complaint and made part thereof as an exhibit; that the true description of the land and premises intended to be described and embraced in said mortgage is as follows: "All that portion of block sixty-four of Proctor and Green's division of Carson City, Ormsby county, State of Nevada, described as follows: Commencing at the southwest corner of said block sixty-four, where the east line of Nevada street intersects the north line of Robinson street, as said streets are laid down on the official map of said city, running thence north along the east line of Nevada street eighty-eight feet, thence at right angles east parallel with the north line of Robinson street a distance of seventy-four feet; thence at right angles south eighty-eight feet to the north line of Robinson street; thence west along the north line of Robinson street to the place of beginning"; that by an oversight, inadvertence or mistake said property was described in said mortgage as follows: "The property at the southwest corner of the block in Carson City, said county and state, of which

Spear street is the western boundary, and Robinson street the southern boundary, commencing at the corner of the block at the intersection of Spear and Robinson streets; thence easterly along the north line of Robinson street. one hundred feet; thence at right angles northerly at right angles with Robinson street seventy-four feet; thence westerly parallel with Robinson street one hundred feet to Spear street, thence southerly along the east line of Spear street seventy-four feet to the place of beginning"; that Nevada street and not Spear street forms the western boundary of said land and premises, and that Spear street is the first street south of Robinson street and running parallel therewith; that defendant, Lucy Baker, is the wife of the defendant, Archie Baker, and that said defendants have at all times herein mentioned resided upon said land and premises, and have occupied the same as a homestead; that said Lucy Baker claims some interest in said land and premises by reason of having filed a declaration of homestead thereon since the execution and recordation of said mortgage; that at the time of and before the filing of said declaration of homestead, she had notice and knowledge of the fact of said indebtedness of Archie Baker to the plaintiff, and of the execution of said note and mortgage to secure the same, and of the said oversight, inadvertence or mistake in the description of the premises intended to be described therein, and that she had knowledge and notice that said mortgage was intended to embrace and cover by a correct description of the property occupied by said defendants as a homestead.

Archie Baker made default, Lucy Baker answered for herself alone, and by her answer denies that Archie Baker at any time executed any mortgage or any lien of any character whatsoever upon the land described in her homestead declaration to the plaintiff, or at all; denies specifically each allegation of the complaint charging that she had knowledge and notice of said indebtedness, of the execution of said note and mortgage, or either of them, of the oversight, inadvertence, or mistake and of the intent that said mortgage was to embrace or cover said homestead premises.

It is alleged by the answer that said property is the community property of the defendants; and all the necessary

facts to entitle her to said property as a homestead under the statute are properly set out in the answer and established by the proofs.

The court adjudged and decreed, to wit: "That plaintiff's mortgage be and the same is hereby reformed by inserting therein, in lieu of the description of the property now therein contained the following, to wit": Here follows the description first above given as set out in the complaint, and which is substantially the same as the description contained in said homestead declaration.

It is further decreed "that said reformation shall take and have effect from and after and as of the date of the recording of said mortgage, to wit: October 10, 1895."

It was further decreed in form and substance usual in case of foreclosure of mortgages on real estate.

From the decree, and the order of the court denying her motion for new trial, Lucy Baker appeals.

The said homestead declaration was duly filed on the 7th day of April, 1896, and before this suit was commenced. The case seems to have been tried in the court below, and was argued here by respective counsel, mainly upon the theory that the rights of the parties depended upon whether or not the appellant before she filed her said declaration had knowledge or notice, actual or constructive, of the execution of said mortgage, and of the alleged intent of the parties thereto that the mortgage should embrace and cover said homestead property.

The evidence without any conflict shows that the appellant had no knowledge, and had no notice whatever of the execution of said mortgage before the commencement of this action, unless the filing of said mortgage in the office of the county recorder gave her constructive notice of the same.

Counsel for respondent contends that said filing gave her such notice of its contents and was legally sufficient to put her on inquiry as to the facts.

The matter of constructive notice is entirely a creature of the statute. (*Grellet* v. *Heilshorn*, 4 Nev. 526.)

Under our statute concerning conveyances every conveyance of real estate, and every instrument of writing setting forth an agreement to convey any real estate, or whereby

any real estate may be affected, acknowledged or proved and certified and recorded in the manner prescribed by said statute, shall from the time of filing the same with the county recorder for record impart notice of the contents thereof to subsequent purchasers and mortgagees only. (*Sharon* v. *Minnock*, 6 Nev. 377; *McCabe* v. *Gray*, 20 Cal. 516.)

The appellant is neither a purchaser nor mortgagee of said premises. Counsel argues that the property being the community property of the defendants, the husband had a perfect right to mortgage the property without the knowledge or consent of the wife, citing *Childs* v. *Singleton*, 15 Nev. 461.

.It is true, that the husband may, by a valid mortgage, and without the knowledge or consent of the wife, subject the homestead premises to a lien superior to the wife's homestead claim made and filed subsequently to the making of the mortgage. But the control of the husband over the community property and his power to alienate or mortgage the same without the coöperation and consent of the wife may be arrested and defeated by the wife filing her declaration claiming the same as a homestead at any time before the consummation of the alienation or mortgaging of the premises by the husband.

Under the statute concerning the exemption of the homestead from forced sale, the wife has a perfect right to select a homestead out of the community property and file the required declaration without the knowledge or consent of her husband. (General Statutes, sec. 539.) And when so selected it is exempt from the payment of any mortgage thereon subsequently given, unless the same is executed and given by both husband and wife. It will be observed that the record shows that Robinson and Spear streets are parallel to each other and extend through Carson City, east and west. The description in the mortgage will not apply to the said homestead premises, or to any other piece or parcel of land, and the alleged mortgage mortgaged nothing. It is admitted that said homestead premises were not embraced in or covered by said mortgage when the appellant filed her declaration, but it is claimed that it was intended to mortgage the same, and that the rights of the appellant are precluded by the intent of the parties to the said mortgage. That is, that the

appellant's homestead claim was defeated by the state of mind of the mortgagor and mortgagee on the 9th day of October, and not by the alleged mortgage itself. But it requires prior alienation or a mortgage in fact of the community property by the husband, and not simply in intent, to defeat the legal effect of the wife's declaration claiming the same as her homestead.

We are clearly of opinion that the appellant had the right to claim said premises as a homestead, and that she is protected therein against any mortgage or pretended mortgage which by its terms mortgages nothing. The rights or equities of the respondent as against Archie Baker are not matters to be considered here as they are not involved in this appeal.

The premises in question became the homestead of appellant as provided by law, and as such are protected by the constitution. We are of opinion that her homestead rights in the premises are superior to any equity of the respondent, and that he has none as against appellant.

In all cases of mistake in written instruments, courts of equity will interfere only as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees or judgment creditors, or purchasers from them, with notice of the facts. (Story's Eq. Jur. sec. 165.)

Appellant belongs to neither of the above classes of persons in this case.

It follows from the foregoing that the decree of the court reforming said mortgage and foreclosing the same as against the appellant and her said homestead claim is erroneous.

The said decree is reversed, and the trial court will modify the same so that it shall not interfere with or impair the appellant's homestead claim in the premises.