DANIEL C. STURGILL AND JEANNÉ STURGILL, APPELLANTS, *v.* INDUSTRIAL PAINTING CORPORATION OF NEVADA, A NEVADA CORPORATION, RESPONDENT.

No. 4937

February 8, 1966                    410 P.2d 759

*Boyd and Leavitt,* of Las Vegas, for Appellants.

*Elmer M. Gunderson,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

Owen and Thelma Rust, owners of certain real property in Clark County, entered into an escrow sale agreement wherein they agreed to sell Lot No. 6 to the Sturgills for a stated price pursuant to agreed terms.

On January 15, 1964 an escrow was opened, and on March 2, 1964 the deed to the property was deposited in the escrow. On March 12, 1964 the respondent, a judgment creditor of the sellers, levied an attachment on the property which was the subject of the sale.

Appellants asserted their third party interest as purchasers and owners of the subject property. The attaching creditor defended, claiming that since the escrow was not closed, title to the property had not transferred from the sellers to the buyers at the time of the attachment. They based their argument on the fact that the escrow agreement contained the provisions, "close of escrow shall be on or before March 17, 1964," and "the close of escrow shall be the day on which the instruments are recorded." The escrow, in fact, did not close until April 3rd. No reason for the delay was given.

Counsel stipulated on oral argument that the down payment had been paid into escrow before the date of the attachment. It was further stipulated in the trial

court that conditions one through five of the escrow agreement (including approval of the buyers to assume an existing encumbrance, transfer of a reserve account, and adjustments for taxes and insurance) were met prior to the attachment. We find that these were the only conditions relating directly to the sale and the passing of title to the property.

The trial court sustained respondent's contention. We do not agree with the ruling.

So long as the conditions of an escrow remain unperformed, the grantor's interest is subject to rights of attaching creditors. Olander v. Tighe, 61 N.W. 633 (Neb. 1895) ; Wolcott v. Johns, 44 P. 675 (Colo. 1896) ; May v. Emerson, 96 P. 454 (Ore. 1908). See also 87 A.L.R. 1505. However, if title has passed to the grantee, an attaching creditor of the grantor can gain no rights in the conveyed property. Kinnison v. Guaranty Liquidating Corp., 115 P.2d 450 (Cal. 1941).

Therefore, the determinative factor in the instant case is whether at the time of attachment the legal title was in the sellor or in the buyer.

The escrow had been opened, the deed executed, and the deed placed in the escrow before the attachment. All of the conditions relating to the sale were performed before the attachment, but the deed was recorded and the escrow closed subsequent to the attachment.

There is some authority for the proposition that title cannot pass until the deed is recorded when recordation is a condition in the instructions. Lieb v. Webster, 190 P.2d 701 (Wash. 1948). In that case, the condition read: "He [the escrow agent] was to procure and record conveyance to the appellants." This condition was included among the conditions concerning other financing, policies of title insurance, and assumption of prior encumbrances.

In the instant case, the requirement of recordation was printed on the back of the agreement and merely stated that, "close of escrow shall be the day on which the instruments are recorded." Those printed instructions are not conditions of sale but rather definitions and conditions for the protection of the escrow agent.

Title passes when all conditions of sale are performed, Holman v. Toten, 128 P.2d 808 (Cal. 1942), so the closing date becomes immaterial. It seems clear to us that the phrases relating to recordation and close of escrow were merely procedural and did not impose any affirmative action on the part of the parties that could be construed as a condition to the passing of title.

Appellant correctly argues that an attaching creditor or a judgment creditor is not within the class designated by the recording statute for protection against an unrecorded conveyance. NRS 111.320 and 111.325 protect subsequent *purchasers* and *mortgagees* and make no reference to creditors. See Sharon v. Minnock, 6 Nev. 377 (1871) ; Wilson v. Wilson, 23 Nev. 267, 45 P. 1009 (1896) ; Adams v. Baker, 24 Nev. 162, 51 P. 252 (1897) ; In re Wilson's Estate, 56 Nev. 500, 56 P.2d 1207 (1936).

When the conditions of the sale had been met the escrow agent could have been compelled by either or both of the parties to the sale to deliver the deed and the purchase money regardless that the date of the close of escrow had not yet arrived, for nothing more remained to be done to effectuate the sale itself. Thus, ownership had transferred to the buyer before the attachment was levied and the seller no longer had an interest in the property that was subject to a levy of attachment.

Reversed. Judgment shall enter granting the third party claim in accordance with its prayer for relief.

THOMPSON AND BADT, JJ., concur.