131 Nev., Advance Opinion 42

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA DEPARTMENT OF TAXATION, Appellant, vs. JOHN T. KAWAHARA AND BARBARA J. KAWAHARA, TRUSTEES OF THE JOHN T. KAWAHARA AND BARBARA J. KAWAHARA REVOCABLE TRUST, U/T/D 12/17/1992, Respondents. | No. 64064 |



FILED

JUN 25 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Certified questions under NRAP 5 concerning lien priority between a tax lien and a later-recorded deed of trust. United States Bankruptcy Court for the District of Nevada; Gregg W. Zive, Bankruptcy Judge.

*Questions answered.*

Adam Paul Laxalt, Attorney General, and Melissa L. Flatley, Deputy Attorney General, Carson City,
for Appellant.

Richard G. Hill, Ltd., and Richard G. Hill and Sophie A. Karadanis, Reno; Shea & McIntyre, P.C., and Marc L. Shea, San Jose, California,
for Respondents.

BEFORE THE COURT EN BANC.[1]

___

[1]The Honorable Ron D. Parraguirre, Justice, voluntarily recused himself from the consideration of this matter.

15-19378

By the Court, CHERRY, J.:

The United States Bankruptcy Court for the District of Nevada certified two questions to this court concerning the priority of two competing liens on the proceeds of a property sale. The first question asks whether "Certificates of Tax Lien . . . have the effect and priority of a non-consensual judgment lien or the effect and priority of a consensual mortgage lien[.]" The second asks which lien has priority over the proceeds of a 2012 property sale: "a 2009 deed of trust, first recorded in 2011, [or] a tax lien, created and recorded in 2010[.]"

We conclude that a recorded tax lien cannot be recognized as a mortgage lien. Formality is part and parcel of recording statutes. The State Department of Taxation cannot now claim to have recorded a mortgage lien when it filed a tax lien certificate. We further conclude that a deed of trust, which attached in 2009 but was recorded in 2011, has priority over a tax lien levied under NRS 360.473, which was created and recorded in 2010. The Department's tax lien is considered a judgment lien under NRS 360.473(2), and Nevada recording statutes do not protect judgment creditors against prior unrecorded conveyances. Thus, the common law rule of "first in time, first in right" applies.

## FACTS AND PROCEDURAL HISTORY

Our review is limited to the facts provided by the certification order from the United States Bankruptcy Court for the District of Nevada "and we answer the questions of law posed to us based on those facts." *In re Fontainebleau Las Vegas Holdings, LLC*, 128 Nev., Adv. Op. 53, 289 P.3d 1199, 1207 (2012).

The Kawaharas loaned Wayne and Gail Allison $400,000. The Allisons executed a note to the Kawaharas in that amount secured by a



deed of trust on a Reno property. In July 2009, the note was delivered to the Kawaharas. Although all parties believed the deed of trust had been recorded at that time, it was not recorded until February 2011.

The Allisons owned Allison Automotive Group, Inc., a car dealership in Reno. The dealership became delinquent in taxes owed to the Nevada Department of Taxation. It submitted a signed payment agreement to the Department, which obligated the dealership to pay $438,044.68 pursuant to a payment schedule. In connection with that submission, the Allisons personally guaranteed payment to the Department. In December 2010, the Department recorded certificates of tax lien against the Allisons.

The Allisons filed for bankruptcy in November 2011. As part of the administration of the bankruptcy estate, the bankruptcy court approved the sale of the Reno property with liens attaching to the sale proceeds in the order of their priority. The bankruptcy court's certified questions concern the dispute between the Kawaharas and the Department over the priority of their respective liens on the Reno property and, more directly, which party is entitled to be repaid first from the $482,000 in remaining proceeds from the property's sale.

## DISCUSSION

*The nature of the Department's liens*

This court may reframe the certified questions presented to it. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev., Adv. Op. 34, 302 P.3d 1103, 1105-06 (2013) (citing *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 72, 206 P.3d 81, 85 (2009)). We think the first certified question is better framed as, "Do the Allisons' guarantees and the Department's filings create a mortgage?" We conclude that they do not.

Generally, the purpose of recording statutes is to provide subsequent purchasers with knowledge concerning the state of title for real property. 66 Am. Jur. 2d *Records and Recording Laws* § 40 (2011). To record a mortgage or real property lien in Nevada, the filed document must contain certain formalities, including the grantee's address and the conveyed parcel's county-assigned number. NRS 111.312(1). In contrast, to record a tax lien, the Department may simply file a certificate of delinquency setting forth (1) the amount due, (2) the name and address of the debtor, and (3) the Department's statement that it has complied with all procedures required by law. NRS 360.473(1).

Here, the Department filed a tax lien, not a mortgage. The bankruptcy court stated that the Department filed a tax lien certificate. We accept the facts provided by the certification order. *In re Fontainebleau*, 128 Nev., Adv. Op. 53, 289 P.3d at 1207. The bankruptcy court's finding is supported by the record, which shows that the Department's filings refer to tax statutes and do not include parcel numbers.

The Department requests that this court give the certificates of tax lien the effect and priority of a mortgage. But it would defeat the purpose of a centralized recording system if the law protected people who filed the wrong liens. *Mortg. Elec. Registration Sys., Inc. v. Church*, 423 F. App'x 564, 567 (6th Cir. 2011). "[T]here must be substantial compliance with statutes providing for the recording or registration of mortgages; the usual purpose of recording or registration is to give persons subsequently dealing with the property notice of the existence of the lien . . . ." 59 C.J.S. *Mortgages* § 248 (2009). Here, the Department filed certificates of tax lien, not a mortgage or any instrument that fulfilled the formalities of a

mortgage lien. Third parties reviewing the public records would not see a mortgage on the property, but only a tax lien with the Allisons' address. The Department further argues that their interest arose from a guarantee, not by operation of law, and therefore could not legally be a tax lien. That may be true, but then the Department should not have recorded tax lien certificates. We conclude that the Department's filings have the effect and priority of exactly what they recorded: tax liens.

*Priority of the liens*

At common law, lien priority depends upon the time that liens attach or become perfected: "first in time, first in right." 51 Am. Jur. 2d *Liens* § 70 (2011). Statutes may modify or abolish the "first in time, first in right" rule. *Id.* Under NRS 360.473(2), a tax "lien has the effect and priority of a judgment lien."[2] This court has acknowledged that "a judgment creditor is not within the class designated by the recording statute for protection against an unrecorded conveyance." *Sturgill v. Indus. Painting Corp. of Nev.*, 82 Nev. 61, 64, 410 P.2d 759, 761 (1966). Here, because the Department's tax lien is given the effect of a judgment lien, NRS 360.473(2), the Department is not protected by Nevada's recording statutes, *Sturgill*, 82 Nev. at 64, 410 P.2d at 761.

---

[2]Although NRS 360.480(1) gives tax liens some special priority, the Department did not argue priority based on this statute and, indeed, did not mention the statute until the reply brief. We therefore decline to consider any argument regarding the statute. *Bongiovi v. Sullivan*, 122 Nev. 556, 570 n.5, 138 P.3d 433, 444 n.5 (2006) ("[B]ecause reply briefs are limited to answering any matter set forth in the opposing brief, NRAP 28(c), we decline to consider this argument.").

Because Nevada's recording statutes do not protect the Department against unrecorded conveyances, the rule applicable to this case is the common law rule of "first in time, first in right." The Kawaharas' deed of trust was valid and attached in 2009, when their interest was created.[3] The Department's tax lien certificates were filed, and thereby attached, in 2010. *See* NRS 360.473(2). Therefore, the Kawaharas' deed of trust has priority over the Department's tax lien.

_____, J.
Cherry

We concur:

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]Attachment includes "[t]he creation of a security interest in property." *Black's Law Dictionary* 152 (10th ed. 2014).

SUPREME COURT
OF
NEVADA

(O) 1947A