140 Nev., Advance Opinion 75

IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 3580 LOST HILLS,
Appellant,
vs.
FORECLOSURE RECOVERY SERVICES, LLC,
Respondent.

No. 87095

FILED

NOV 27 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

*Affirmed.*

Law Offices of Michael F. Bohn, Ltd., and Michael F. Bohn, Henderson, for Appellant.

Avalon Legal Group LLC and Bryan Naddafi, Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

*OPINION*

By the Court, LEE, J.:

The central question in this appeal is whether a beneficiary to a nonprobated will who is devised real property is the testator's successor

24-45388

in interest for purposes of the redemption statute, NRS 116.31166.[1] By way of background, Mable Hrynchuk named Bryan Kenton as the sole beneficiary to her estate, which included her residential property. Following her death, the homeowner's association foreclosed on the property and sold it to appellant Saticoy Bay LLC Series 3580 Lost Hills at a foreclosure sale. As the sole named beneficiary, Kenton sought to redeem the property as a successor in interest through his attorney-in-fact, respondent Foreclosure Recovery Services, Inc. Saticoy Bay refused to honor the redemption, asserting that Kenton was not the successor in interest in the property and therefore had no rights of redemption under Nevada law. We hold that a will beneficiary is immediately vested with beneficial interest in devised property at the time of the testator's death and is therefore the testator's successor in interest for the purposes of NRS 116.31166. Accordingly, we affirm the district court's order granting Foreclosure Recovery Services' motion for summary judgment in the underlying litigation.

## FACTS AND PROCEDURAL HISTORY

The material facts in this case are uncontested. Hrynchuk was the title holder of real property known as 3580 Lost Hills Drive, Las Vegas, Nevada (the property). In 2019, Hrynchuk executed a will in which she devised her entire estate, including the property, to Kenton. In July 2021, Hrynchuk died. After Hrynchuk's death, the HOA foreclosed on the

---

[1]The right of redemption is a statutorily granted right to "disencumber property or to free it from a claim or lien." NAC 375.120. It is defined as "[t]he statutory right of a defaulting mortgagor to recover property, within a specified period, after a foreclosure or tax sale, by paying the outstanding debt or charges." *Redemption, Black's Law Dictionary* (12th ed. 2024).

property due to unpaid HOA assessments. On February 27, 2023, the property was auctioned pursuant to NRS Chapter 116 and purchased by Saticoy Bay.

On March 7, 2023, Kenton executed an affidavit of assignment of beneficial interest in decedent's estate, assigning his interest in Hrynchuk's estate, including the property, to Foreclosure Recovery Services. On the same day, Kenton also executed a special power of attorney wherein Foreclosure Recovery Services was granted authority to act as Kenton's attorney-in-fact over the property.

On April 21, 2023, 53 days after the property was sold, Foreclosure Recovery Services attempted to redeem the property. Consistent with NRS 116.31166's requirements, Foreclosure Recovery Services served Saticoy Bay with a Notice of Redemption, a check, a certified copy of the deed of the property, copies of the assessor's page for the property, Hrynchuk's certificate of death, the certificate of foreclosure sale subject to redemption, Hrynchuk's will, the affidavit of assignment executed by Kenton, and the special power of attorney executed by Kenton. Saticoy Bay rejected the Notice of Redemption, refused to accept payment, and refused to transfer title.

On May 2, 2023, Saticoy Bay filed a complaint against Foreclosure Recovery Services. Saticoy Bay sought a declaratory judgment that neither Kenton nor Foreclosure Recovery Services was Hrynchuk's successor in interest under NRS 116.31166 and therefore neither had the right to redeem the property. In response, Foreclosure Recovery Services moved for summary judgment, arguing that it was Hrynchuk's successor in interest by virtue of Hrynchuk's devise to Kenton and Kenton's assignment to it. Consequently, Foreclosure Recovery Services argued that it has a

right to redeem the property under NRS 116.31166. The district court granted the motion, and Saticoy Bay now appeals.

## DISCUSSION

It is undisputed that Hrynchuk devised the property to Kenton in her will and that the will, as of the date the notice of this appeal was filed, had not yet been probated. Saticoy Bay's primary contention is that neither Kenton nor Foreclosure Recovery Services is therefore Hrynchuk's successor in interest.

We review a district court's grant of summary judgment de novo. *Anderson v. Mandalay Corp.*, 131 Nev. 825, 829, 358 P.3d 242, 245 (2015). "Summary judgment is appropriate ... when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005). We review questions of statutory interpretation de novo. *Markowitz v. Saxon Special Servicing*, 129 Nev. 660, 665, 310 P.3d 569, 572 (2013).

*Kenton duly transferred his interest to Foreclosure Recovery Services*

As a preliminary matter, Kenton properly transferred his interest in the property to Foreclosure Recovery Services. Kenton duly executed an affidavit of assignment of beneficial interest in decedent's estate, assigning his interest in the property to Foreclosure Recovery Services. Saticoy Bay does not dispute the validity of this assignment or otherwise contest its force or effect. Absent any such dispute to the validity of the assignment, it should be enforced. *See Easton Bus. Opportunities, Inc. v. Town Exec. Suites—E. Marketplace, LLC*, 126 Nev. 119, 124, 230 P.3d 827, 830 (2010) ("Under ordinary rules of contract law, a contractual right

is assignable unless assignment materially changes the terms of the contract, or the contract expressly precludes assignment."); *see also Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 278, 21 P.3d 16, 20 (2001) ("It has long been the policy in Nevada that absent some countervailing reason, contracts will be construed from the written language and enforced as written." (quoting *Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990))).

Kenton further executed a special power of attorney wherein Foreclosure Recovery Services was granted authority to act as Kenton's attorney-in-fact for the property. Therefore, Foreclosure Recovery Services is, for all relevant purposes, Kenton's attorney-in-fact and empowered to act on Kenton's behalf with respect to the property. Again, Saticoy Bay does not provide any cogent argument as to why the duly executed power of attorney would have no force or effect; rather, it merely argues, without support, that the assigned beneficial interest itself does not allow for the right of redemption. Having dispensed with these preliminary determinations, we turn to Kenton's status as a successor in interest under Nevada's redemption statute.

*Kenton is a successor in interest under NRS 116.31166*

In 2015, the Nevada Legislature amended NRS 116.31166 to provide homeowners and their successors in interest with the statutory right to redeem real property within 60 days of foreclosure. *See Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 180, 444 P.3d 428, 430 (2019). NRS 116.31166 reads in pertinent part:

> 3. A unit sold pursuant to NRS 116.31162 to 116.31168, inclusive, may be redeemed by the unit's owner whose interest in the unit was extinguished by the sale, *or his or her successor in interest*, or any holder of a recorded security

interest that is subordinate to the lien on which the unit was sold, *or that holder's successor in interest.* The unit's owner whose interest in the unit was extinguished, the holder of the recorded security interest on the unit *or a successor in interest* of those persons may redeem the property at any time within 60 days after the sale . . . .

(Emphases added.)

The Legislature failed to define a "successor in interest" within the statute. Nonetheless, in applying principles of *in pari materia*, we can extrapolate meaning from other laws that address the same subject matter and read NRS 116.31166 harmoniously with those statutes. *See Kondas v. Washoe Cnty. Bank*, 50 Nev. 181, 190, 254 P. 1080, 1083 (1927) (acknowledging that statutes that are *in pari materia* must be read harmoniously so that they are not clearly in conflict with one another); *see also Advanced Sports Info., Inc. v. Novotnak*, 114 Nev. 336, 341, 956 P.2d 806, 809 (1998) (recognizing that when a statutory term is undefined, courts look to the "entire statute[ ] and . . . to related statutes"). In doing so, NRS 132.330 is instructive. This statutory provision, housed under the section of "Wills and Estates of Deceased Persons," defines "successors" as "persons, other than creditors, who are entitled to property of a decedent under the terms of the decedent's will."

Saticoy Bay asserts that Kenton cannot be a successor in interest because Hrynchuk's will was not probated. We decided a similar issue in *Wren v. Dixon*, 40 Nev. 170, 161 P. 722 (1916). In that case, this court determined that a testator's heirs became vested with title to a mining claim at the time of the testator's death, therefore granting his heirs the right to bring an action for quiet title against a subsequent purchaser of the property. *Id.* at 205, 161 P. at 732. We further explained that "even where . . . the estate is in course of probate, it is the right of the heirs to

maintain an action as against third persons for the possession of the realty." *Id.* at 210, 161 P. at 734. While *Wren* did not specifically refer to the heirs as successors in interest, it did find that the decedent's heirs were immediately vested with title[2] to a mining claim upon the testator's death without first having to complete the probate process. *Id.* Accordingly, the heirs were conferred with the power to maintain an action to quiet title against a third party even though the will at issue had not yet been probated. *Id.*

Similarly, Kenton was a named beneficiary in Hrynchuk's will. Therefore, pursuant to *Wren*, he was immediately conferred a beneficial interest in the property upon Hrynchuk's death and, consequently, had standing to exercise his redemption rights as a successor in interest under NRS 116.31166. The statute does not require, nor does Kenton argue, that he was vested with title to the property at the time of Hrynchuk's death.

We reject Saticoy Bay's argument that the Legislature overturned *Wren* in 1999 in passing NRS 132.195 and NRS 134.030. We find that neither statute explicitly contradicts *Wren*. NRS 132.195 defines an intestate estate, and NRS 134.030 codifies the common practice that before a testator's property is distributed to his or her heirs, the testator's debts must first be paid. Neither is directly contrary to the holding in *Wren* or otherwise addresses the core issues in this matter. Moreover, implicitly overturning long-standing law is disfavored. *See Hardy Cos., Inc. v. SNMARK, LLC*, 126 Nev. 528, 537, 245 P.3d 1149, 1155-56 (2010) (holding that courts do not presume a legislative intent to overturn long-established principles of law, unless expressly declared or necessarily implied).

---

[2]While *Wren* describes the interest as "title," we clarify that what actually passes upon the testator's demise is a beneficial interest.

Our conclusions are bolstered by our holding in *Title Insurance & Trust Co. v. Chicago Title Insurance Co.*, in which we held that when a contract for the sale of real property is recorded, but title has not yet transferred, the vendee is entitled to the statutory protections granted to a successor in interest. 97 Nev. 523, 525-26, 634 P.2d 1216, 1218 (1981). Here, we similarly acknowledge that title to the property at issue has not yet legally passed. *See Sturgill v. Indus. Painting Corp. of Nev.*, 82 Nev. 61, 64, 410 P.2d 759, 761 (1966) (noting that title passes in a property sale when all conditions of the sale are performed); *see also Breckenridge v. Andrews*, 88 Nev. 520, 525, 501 P.2d 657, 660 (1972) (recognizing that in the probate process, the final step in allocating all interests created by a will, including the transfer of title to property, is the decree of distribution). Nonetheless, for purposes of redemption, the conveyance of a beneficial interest in property is all that is required to confer successor-in-interest status upon a named beneficiary to a will for the purposes of NRS 116.31166.

*Other statutory considerations argued by Saticoy Bay*

Saticoy Bay relies on various statutes governing probate proceedings to argue that Kenton did not properly undertake the necessary steps to probate Hrynchuk's will and therefore cannot be a successor in interest for the purposes of redemption. For example, Saticoy Bay cites NRS 147.195, which details the order in which debts of an estate must be paid, and NRS 147.010, which outlines some of the duties of a personal representative. In citing these provisions, Saticoy Bay argues that Kenton did not undertake the steps required of him as a personal representative of Hrynchuk's estate and, therefore, he does not have the rights of a successor in interest. However, Saticoy Bay's argument misses the mark. There is nothing within the statutory scheme of NRS 116.31166 that requires a beneficiary to first complete the probate process before being conferred with

successor-in-interest status for the purposes of redemption. *See generally* NRS 116.31166. We therefore reject Saticoy Bay's interpretation of these statutes.

Saticoy Bay also relies on a combined reading of NRS 111.205(1) and NRS 111.010(1) in surmising that Hyrnchuk's will needed to be probated before Kenton could be a successor in interest. NRS 111.205(1) provides that "[n]o estate or interest in lands . . . shall be created, granted, assigned, surrendered or declared after December 2, 1861, *unless by act or operation of law, or by deed or conveyance, in writing . . . .*" (Emphasis added.) In defining "conveyance," NRS 111.010(1) states that "'[c]onveyance' shall be construed to embrace every instrument in writing, *except a last will and testament,* whatever may be its form, and by whatever name it may be known in law, by which any estate or interest in lands is created, aliened, assigned or surrendered." (Emphasis added.) Saticoy Bay suggests that because a will is not a conveyance, a will is ineffective to transfer a property interest.

A review of NRS 111.205 in its entirety quickly dispenses with this argument. It is true that NRS 111.010 serves as the definition section for NRS Chapter 111, of which NRS 111.205 is a part. However, NRS 111.205(2) plainly states that "[s]ubsection 1 shall not be construed to affect in any manner the power of a testator in the disposition of the testator's real property by a last will and testament." When two statutory provisions appear to conflict, rules of statutory interpretation dictate that the more specific rule shall override the general. *See W. Realty Co. v. City of Reno,* 63 Nev. 330, 337, 172 P.2d 158, 161 (1946) ("It is a well settled rule of statutory construction that a special provision, dealing expressly and in detail with a particular subject, is controlling, in preference to a general

(O) 1947A

provision relating only in general terms to the same subject."). Here, NRS 111.010's definition of conveyance explicitly excludes a will. However, NRS 111.205 specifically details the creation of estates through operation of law or conveyance and explains that the statute should not be construed to affect the disposition of a will. The friction between these statutes must therefore be resolved in favor of NRS 111.205(2)'s more specific understanding of "conveyance," which makes clear that the Legislature intended to allow for the disposition of property through a will.

Indeed, the Nevada probate process unmistakably contemplates the transfer of real property through a testator's will. *See, e.g.*, NRS 133.210 (a devise of real property in a will conveys the estate of the testator); *Adkins v. Oppio*, 105 Nev. 34, 38, 769 P.2d 62, 65 (1989) (recognizing that real property is conveyed through a valid will as part of a testator's estate). While it is true that title does not automatically transfer by a will alone, reading Nevada's relevant statutory scheme in conjunction with *Wren* establishes that a beneficiary's interest in the property vests upon a testator's death.

It is undisputed that Kenton was a beneficiary to Hrynchuk's will, and Kenton does not argue that *title* to the property was transferred to him at the time of Hrynchuk's death. Rather, Kenton argues that, as a named beneficiary to the property in Hrynchuk's will, he was immediately vested with a beneficial interest in the property and therefore is a successor in interest in the property and consequently entitled to redeem the property pursuant to NRS 116.31166.

*Public policy considerations*

As a final consideration, from a public policy standpoint, a will reflects a testator's posthumous desires, and it is Nevada policy to honor the testator's wishes. *Matter of Est. of Scheide*, 136 Nev. 715, 721-22, 478 P.3d

(O) 1947A

851, 856-57 (2020). If a beneficiary to a will were without the ability to redeem devised property or otherwise protect his or her interest in devised property, the testator's intent would be frustrated. Such a result would contravene Nevada policy and principles of equity. Here, Hrynchuk clearly expressed her wishes that Kenton would be the beneficiary of her property in a written will. To require a transfer of title through the probate process before effectuating Kenton's rights to redemption would be contrary to the clear and strong public policy in Nevada of effectuating the testator's intent.

In sum, a beneficiary to a will that has not yet been probated is nonetheless vested with the right of redemption under NRS 116.31166 upon the death of the testator. Accordingly, Kenton is Hrynchuk's successor in interest under the statute and is therefore able to redeem the property through his attorney-in-fact Foreclosure Recovery Services.

*Saticoy Bay was provided with all statutorily required documents*

Saticoy Bay argues, in the alternative, that Foreclosure Recovery Services failed to provide statutorily required documents when it served its Notice of Redemption and therefore could not redeem the property. We disagree.

To redeem property under NRS 116.31166(4)(a), a successor in interest must provide the property purchaser with "a certified copy of the deed to the unit and . . . a copy of any document necessary to establish that the person is the successor of the unit's owner." Here, Foreclosure Recovery Services served Saticoy Bay with a certified copy of the deed to the property and multiple documents collectively establishing that Kenton was the successor in interest. These documents were, in addition to the Notice of Redemption, a check, a certified copy of the deed of the property, copies of the assessor's page for the property, Hrynchuk's certificate of death, the

certificate of foreclosure sale subject to redemption, and Hrynchuk's will devising the corpus of the estate to Kenton. Foreclosure Recovery Services further provided documents demonstrating its right to act on behalf of Kenton, including the Affidavit of Assignment of Beneficial Interest in Decedent's Estate executed by Kenton and the special power of attorney executed by Kenton designating Foreclosure Recovery Services as Kenton's attorney-in-fact. Accordingly, we conclude that Foreclosure Recovery Services properly provided Saticoy Bay with all documents necessary to establish that it was the successor of Hrynchuk by way of assignment and was appropriately acting as Kenton's attorney in fact when seeking to redeem the property, thus satisfying the requirements set forth in NRS 166.31166(4)(a).

## CONCLUSION

NRS 116.31166 provides property owners and their successors in interest with a statutory right to redeem property. We hold that upon a testator's death, a will beneficiary is immediately vested with a beneficial interest in devised property and becomes the testator's successor in interest for purposes of NRS 116.31166. As Kenton is Hrynchuk's sole beneficiary, and as he, through Foreclosure Recovery Services, timely provided Saticoy Bay with the necessary documentation required to redeem the devised property, we affirm the district court's order granting summary judgment.

_____, J.
Lee

We concur:

_____, J.
Herndon

_____, J.
Bell