## STROHECKER v. MUTUAL BUILDING & LOAN ASSOCIATION OF LAS VEGAS, NEVADA

No. 3045

August 1, 1934.                                        34 P. (2d) 1076.

*A. A. Hinman,* for Appellant:

*Leo A. McNamee* and *Frank McNamee, Jr.,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

The material facts of this case are these:

On September 18, 1923, William J. Hooper and Katherine Hooper, his then wife, executed their promissory note payable to George H. Cook, in the sum of $2,000; and to secure the payment thereof executed and delivered their mortgage upon certain real property situated in Clark County, Nevada. This mortgage was not recorded until the 12th day of January, 1932. The note and mortgage were assigned to this plaintiff on May 9, 1932. On March 11, 1931, said William J. Hooper and his then wife, Violet M. Hooper, executed their promissory note to Mutual Building & Loan Association in the sum of $3,500, and to secure the payment thereof executed and delivered to said association their mortgage upon the identical property covered by the mortgage first above mentioned, which was duly recorded on March 13, 1931, in the proper office of the county in which the property was situated.

The plaintiff, the assignee of the first note and mortgage mentioned, brought suit to foreclose said mortgage. The defendants filed an answer in the suit denying certain allegations of the complaint and alleging, as an affirmative defense, the execution, delivery, and recording of the second mortgage, and their lack of notice of the existence of the first mortgage. The trial court made findings in support of the affirmative defense, and entered judgment accordingly. Plaintiff has appealed from the judgment and from the order denying a motion for a new trial.

While several questions are discussed in the briefs,

taking the view we do it is unnecessary that we consider but one of them; namely, whether the defendants had actual or constructive notice of the first mortgage.

Section 1498, N. C. L., provides that every conveyance of real estate which shall not be recorded is void as against subsequent purchasers, in good faith, and for a valuable consideration; and section 1546, N. C. L., provides that the term "conveyance" as used in the act shall be construed to embrace every instrument in writing, except a last will and testament, whatever its form, and by whatever name it may be known, by which any interest or estate in lands is created, aliened, assigned, or surrendered.

1. The mortgage in question created an interest in the real estate conveyed; hence it constituted a conveyance in the sense contemplated by the statute mentioned. Such has been the uniform construction of bench and bar. In Brophy Min. Co. v. Brophy & Dale Gold & Silver Min. Co., 15 Nev. 101, 113, HAWLEY, J., referring to the statutes requiring the recording of instruments pertaining to real estate, quotes with approval from 1 Story Eq. Jur., sec 397, as follows: "The object of all acts of this sort is to secure subsequent purchasers and mortgagees against prior secret conveyances and incumbrances."

2. Was the mortgage to the Building & Loan Association taken without notice? We think the trial court reached the correct conclusion in holding that it was.

The contention of the plaintiff, to the effect that the defendant had notice of the Cook mortgage, is based mainly upon the fact that Mr. C. S. Wengert, while secretary of the defendant company and member of its executive committee, during 1928, was informed that Mr. Hooper would like to borrow $3,000 of the defendant company and give a first mortgage therefor, and get $2,000 from Mr. Cook on a second mortgage, with which to pay for the property in question.

On the 18th of September, 1928, and until after the execution of the $3,500 note and mortgage mentioned,

Wengert was cashier and director of First State Bank of Las Vegas, Nevada, where the $2,000 received from Cook and secured by the mortgage sought to be foreclosed was deposited, and through which it was paid out. He was, on said 18th day of September, director, secretary, and member of the executive committee of the Mutual Building & Loan Company.

On and prior to said last-named date there was a mortgage on the property mentioned herein. All of the deeds, mortgages, etc., which were executed and delivered in the clearing of the title to said lot, as well as the mortgage to Mutual Building & Loan Association to secure the $3,500, passed through the hands of Wengert as an officer of said bank.

It is contended that in view of all of these facts the Mutual Company had constructive notice of the Cook mortgage, and hence the findings and judgment must be reversed.

We cannot accept this contention. In fact, we do not see how the trial court could have reached any other conclusion than it did.

3. The general rule applicable to a case of this character is stated in 14 A. C. J. p. 482, sec. 2350, as follows: "A corporation can acquire knowledge or receive notice only through its officers and agents, and hence the rule holding a principal, in case of a natural person, bound by notice to his agent is particularly applicable to corporations, the general rule being that the corporation is affected with constructive knowledge, regardless of its actual knowledge, of all the material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority, and the corporation is charged with such knowledge even though the officer or agent does not in fact communicate his knowledge to the corporation."

We are unable to see how the facts of this case bring it within the rule quoted. The first intimation of any fact which came to Wengert's knowledge, relative to

the Cook mortgage, was the statement to him of Mr. Hinman that "Mr. Hooper told me he would like to borrow three thousand dollars from the Building and Loan—and get two thousand dollars from Mr. Cook on a second mortgage."

4. This was not testimony as to an existing fact, but testimony of what Mr. Hooper desired to do; of something which might or might not occur. To hold that a busy cashier of a bank, who is actively connected with other business enterprises, must charge his mind, as an officer of a corporation, so as to bind it, with all of the statements which are made to him, particularly as to things which may or may not transpire, would be stretching the rule too far. It would result in the ruination of every corporation in the land. Certainly the information which came to Wengert's knowledge, while acting as cashier of the bank, or in any other connection than as an officer of the Building & Loan Association, can in noway bind the association.

Giving all of the testimony the most favorable construction possible in behalf of the plaintiff, any other conclusion than that reached by the trial judge would be without justification.

5. It is also contended that the lower court erred in overruling plaintiff's demurrer to the cross-complaint of the Building & Loan Association. If we were to concede this contention to be well founded and reverse the judgment and order for that reason, plaintiff would win but an empty victory. This court has for many years turned a deaf ear to appeals in such situations. Paterson v. Condos et al., 55 Nev. 260, 30 P. (2d) 283.

Judgment and order affirmed.

### ON PETITION FOR REHEARING

October 1, 1934.

*Per Curiam:*

Rehearing denied.