ED HARRISON, Appellant, *v.* JACK and GUITHRUN RICE, Respondents.

No. 6932

May 30, 1973                              510 P.2d 633

*Anthony Earl,* of Las Vegas, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

This is a suit in equity for specific performance of an agreement in the form of escrow instructions to sell a mobile home park located in Clark County, Nevada. The property is owned by Jack and Guithrun Rice, husband and wife, as community property. Jack Rice signed the escrow instructions as did Ed Harrison who wishes to purchase the property. Guithrun Rice did not sign. Harrison and the Rices are California residents. The escrow is Continental Title Co. of Fresno, California. That company prepared escrow instructions for the sale and purchase at the direction of Jack Rice. When the Rices refused to consummate the sale, Harrison commenced this suit in the Eighth Judicial District Court of Nevada.

Sometime before trial, the defendant wife presented a motion for summary judgment on the ground that California law requires her to join with her husband in the execution of any instrument by which community real property, or any interest therein, is sold.[1] Under Nevada law the wife's joinder is not required.[2] It was the wife's contention that since all parties are residents of California, the escrow instructions were prepared in that state, signed there, and were in the main, to be performed in that jurisdiction, California law must govern the resolution of this dispute. Harrison contended that Nevada law should control since the land is within this state. The district court granted the wife's motion.

---

[1]Cal. Civil Code § 172(a): "The husband has the management and control of the community real property, but the wife, either personally or by duly authorized agent, must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed or encumbered. . . ."

[2]NRS 123.230: "The husband shall have the entire management and control of the community property, with a like absolute power of disposition thereof, except as provided in this chapter, as of his own separate estate; . . ."

Nixon v. Brown, 46 Nev. 439, 214 P. 524 (1923), concerning a voluntary gift of community real property by the husband which the wife did not sign, nor consent thereto.

Thereafter, the case proceeded to trial against her husband and was dismissed with prejudice at the close of the plaintiff's case. The court reasoned that specific performance was impossible since the co-owner wife possessed a judgment in her favor and could not be compelled to execute required documents.[3]

It is apparent that the merits of the controversy were never reached since the lower court believed that the mentioned California law barred relief under any circumstances. We, therefore, limit this opinion solely to the choice of law issue.

1. As a general proposition, if a contract creating a title interest is made in one state concerning land in another, its validity is to be governed by the law of the state where the land is located, especially if the theory of the plaintiff's case is to enforce an equitable right in the land itself. Meylink v. Rhea, 98 N.W. 779 (Iowa 1904); Kryger v. Wilson, 242 U.S. 171 (1916); Hotel Woodward Co. v. Ford Motor Co., 258 F. 322 (2nd Cir. 1919).[4] On the other hand, if the theory of the case is not to enforce an equitable right in the land itself, the controlling law will be that which governs a contract as a contract. Davis v. Jouganatos, 81 Nev. 333, 339, 402 P.2d 985 (1965).

It is sometimes difficult to ascertain whether a particular action is upon an in personam chose in action, or upon an asserted right in the land created by the same instrument. Once that determination is made the choice of law issue falls into proper context and its resolution is reasonably predictable.

2. An equitable conversion occurs when a contract for the sale of real property becomes binding upon the parties. The purchaser is deemed to be the equitable owner of the land and the seller is considered to be the owner of the purchase price. This, because of the maxim that equity considers as done that which was agreed to be done. Panushka v. Panushka, 349 P.2d 450 (Ore. 1960); Shay v. Penrose, 185 N.E.2d 218 (Ill. 1962); Parr-Richmond Industrial Corp. v. Boyd, 272 P.2d 16 (Cal. 1954); In re Wiley's Estate, 36 N.W.2d 483 (Neb. 1949).

---

[3]The wife's pretrial motion for summary judgment and the later trial were before different judges of the Eighth Judicial District Court.

[4]In announcing the rule, the federal cases of Kryger and Hotel Woodward, supra, acknowledged that the choice of law issue is to be controlled by the state law of the forum.

This action was brought to specifically enforce an alleged executory contract for the sale of real property. It is evident that the plaintiff seeks to compel recognition of his equitable right in the land itself and that Nevada law should govern this case.

We express no opinion as to whether an executory contract was in fact made, nor do we otherwise consider the merits of this litigation. Those questions are to be resolved in the first instance by the trial court in the light of applicable Nevada law.

We reverse the summary judgment for the defendant Guithrun Rice and the dismissal with prejudice in favor of the defendant Jack Rice, and remand this cause for a new trial.[5]

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.

[5]The 1973 Legislature amended NRS 123.230 to provide that no deed of conveyance or mortgage of any real property held as community property shall be valid for any purpose whatever unless both the husband and the wife execute and acknowledge the same, except that either, by written power of attorney, may give the other the complete power to sell, convey or encumber any real property held as community property. The amendment is effective July 1, 1973.

Although the retrial of this case probably will come after July 1, 1973, the amendment will not control since vested rights and liabilities are involved if, indeed, the escrow instructions are found to constitute a contract. Milliken v. Sloat, 1 Nev. 573 (1865); Virden v. Smith, 46 Nev. 208, 210 P. 129 (1922); Cf. Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971). In such circumstances the new law is not to be retrospectively applied. Cf. Staudter v. Elter, 166 A.2d 394 (N.J. 1960), cited in Weaks v. Mounter, 88 Nev. 125, 493 P.2d 1307 (1972), where the change of law concerned procedure and did not affect vested rights.