JACK RICE AND GUITHRUN RICE, APPELLANTS, *v.* ED HARRISON, RESPONDENT.

No. 8623

November 22, 1976                    555 P.2d 1325

*John Peter Lee* and *James C. Mahan,* Las Vegas, for Appellants.

*Earl and Earl,* and *Anthony M. Earl,* Las Vegas, for Respondent.

---

[1]The offense subsequently achieved felony status. See Stats. of Nev. 1975, ch. 363, p. 509.

## OPINION

*Per Curiam:*

After a new trial pursuant to our ruling in Harrison v. Rice, 89 Nev. 180, 510 P.2d 633 (1973), the district court awarded respondent Harrison specific performance of a written contract for the sale of real property and damages. Appellants contend the district court erred by (1) directing specific performance because there was no valid contract, and (2) awarding damages. We disagree.

1. The district court's finding that the parties had entered into a valid contract for the sale of land is supported by substantial evidence and will not be disturbed on appeal. Alves v. Bumguardner, 91 Nev. 799, 544 P.2d 436 (1975); County of Clark v. Lucas, 91 Nev. 263, 534 P.2d 499 (1975).

2. The district court properly awarded respondent damages to compensate him for losses caused by appellants' delay in performance. See: Reinink v. Van Loozenoord, 121 N.W.2d 689 (Mich. 1963). The amount awarded is supported by substantial evidence and will not be disturbed. Alves v. Bumguardner, cited above; County of Clark v. Lucas, cited above.

Affirmed.