TITLE INSURANCE AND TRUST COMPANY, APPELLANT, *v.* CHICAGO TITLE INSURANCE COMPANY, NIZARALI T. NAZARALI, ROBERT W. FULLMER AND ANNELIESE FULLMER, AND SADRUDIN K. SULEMAN, RESPONDENTS.

No. 11298

October 26, 1981                                      634 P.2d 1216

[Rehearing denied January 13, 1982]

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Appellant.

*Albright & McGimsey,* Las Vegas, for Respondent Chicago Title Insurance Company.

*Paul Carelli, III,* Las Vegas, for Respondents Fullmer.

*John Manzonie,* Las Vegas, for Respondent Nazarali.

## OPINION

By the Court, BATJER, J.:

This action was filed by appellant, Title Insurance and Trust Company, for a declaration of the rights of the parties in a parcel of real property which was sold at a foreclosure sale by appellant as trustee, acting pursuant to the provisions of a deed of trust. The sale was challenged on the basis that notice had not been sent to the vendee of the grantor. Ruling upon cross-motions for summary judgment, the court below determined that the sale was void because notice had not been given as required by NRS 107.080.[1]

---

[1]NRS 107.080 provides, in pertinent part, regarding deeds of trust (emphasis added):

    2.   The power of sale must not be exercised . . . until:

    (a) . . . the grantor has for a period of 35 days, computed as prescribed in subsection 3, failed to make good his deficiency in performance or payment. . . .

    3.   *The . . . 35-day period provided in paragraph (a) of subsection 2 commences on the first day following the day upon which* the notice of default and election to sell is recorded in the office of the county recorder of the county in which the property is located and *a copy of the notice of default and election to sell is mailed* by certified mail with postage prepaid *to the grantor or to his successor in interest* at the address of the grantor or his successor in interest if known, otherwise to the address of the trust property. Such notice of default and election to sell must describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due and payable if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not

In 1975, respondents Fullmer purchased a parcel of real property and executed a note and deed of trust on the property, with the sellers Moser as beneficiaries, and appellant as trustee. On June 2, 1977, the Fullmers entered into a long-term installment contract for sale of the property to respondent Suleman. The contract provided that Suleman was entitled to immediate possession of the property, upon which was constructed the Peter Pan Motel. Title was reserved to the vendors. A collection escrow was established at Chicago Title Insurance Company, into which vendee Suleman agreed to make monthly deposits and out of which Chicago Title agreed to make monthly payments on various obligations of the Fullmers, including the obligation on the Moser note secured by the deed of trust. The contract of sale was recorded on July 14, 1977.

Although Chicago Title had received the vendee's check, it failed to send the September payment to the Mosers until October 7. Meanwhile, on September 21, a notice of breach and election to sell under the deed of trust was recorded, and a copy mailed to the Fullmers as grantors, but not to the vendee, Suleman. On December 2, 1977, Suleman's interests in the contract were assumed by respondent Nazarali, pursuant to an unrecorded agreement. On December 28, the trustee executed, published and mailed to grantor a Notice of Trustee's Sale set for January 20, 1978. Once again, no notice was sent to the Fullmers' contract vendee as of record, Suleman. The trustee's sale was held and the property purchased by one Bailey. Shortly thereafter Title Insurance discovered the recorded contract of sale and filed this action for delaratory relief. Subsequently, it purchased the interest of Bailey.

The major issue presented for resolution is whether Suleman, as a purchaser under a recorded long-term real estate installment contract, was entitled to notice of the trustee's sale as a "successor in interest" pursuant to NRS 107.080(3). The trustee argues that the term should not apply to one who has not yet obtained legal title to the property. Respondents argue that through application of the doctrine of equitable conversion, a real estate contract vendee is and should be considered a successor in interest. Taking into account the policy considerations involved, we are of the view that when a contract for

occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of such notice and incident, to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2.

the sale of real property is duly recorded, the vendee under such a contract is entitled to notice pursuant to NRS 107.080(3).

The term "successor in interest" is not defined in the statute. Nor has it been authoritatively defined elsewhere. Indeed, it has been noted that no single definition is applicable in every legal context. Safer v. Perper, 569 F.2d 87, 95 (D.C.Cir. 1977), citing Howard Johnson Co. v. Hotel Employees, 417 U.S. 249 (1974).

It is undisputed that one who has acquired legal title by deed from a vendor is entitled to the status of a successor in interest. *See* Call v. Thunderbird Mortgage Co., 375 P.2d 169 (Cal. 1962). On the other hand, it has been held that a mortgagee of a real estate contract vendee is not a successor in interest, so as to be entitled to statutory notice of forfeiture or cancellation of such a contract. Miles Homes, Inc. of Iowa v. Grant, 134 N.W.2d 569 (Iowa 1965). According to the Iowa court, the term "successor in interest" under the statute "denotes one who has actually succeeded to the rights of the vendee in the real estate, not to one who may succeed to such rights." *Id*. at 570. In Bremner v. Alamitos Land Co., 53 P.2d 382 (Cal.App. 1936), however, the court upheld a finding that a plaintiff vendee who had not received a deed was successor in interest to a vendor, observing: "The word 'successor' has a twofold meaning. It may be used in the sense of one entitled to succeed as well as in the sense of one who has in fact succeeded." *Id*. at 383.

We have previously recognized that a vendee under a contract for the sale of real estate has an equitable ownership interest in the land. Harrison v. Rice, 89 Nev. 180, 510 P.2d 633 (1973). *Cf*. McCall v. Carlson, 63 Nev. 390, 172 P.2d 171 (1946) (optionee, as opposed to contract vendee, has merely a contract right to acquire a property interest). We have also expressly recognized the utility of the land sale contract as a security device, while expressing concern that legislative protection for real estate buyers be given effect. Moore v. Prindle, 80 Nev. 369, 394 P.2d 352 (1964). It is clear from a reading of NRS 107.080 that the legislature intended that a purchaser of real estate who is a grantor of a deed of trust should have a reasonable opportunity to cure a default or deficiency before the property may be sold by the trustee, and that such opportunity should be extended to one who holds under such a grantor.

*Cf.* Century Enterprises, Inc. v. Butler, 526 P.2d 1350 (Colo.App. 1974) (rights of contract vendee not made party to foreclosure action, not extinguished by Sheriff's sale).

We therefore agree with the district court that in the absence of notice to the vendee under a recorded contract for sale of the real property, the trustee's sale was void under NRS 107.080. Finding appellant's other claims of error to be without merit, we accordingly affirm.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.