**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLEY H. THOMAS,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, a D.C. domestic non-profit corporation; et al.,<br><br>   Defendants - Appellees. | No. 09-17312<br><br>D.C. No. 3:09-cv-00398-LRH-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 12, 2011[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, NOONAN and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kimberley Thomas appeals the district court's dismissal of her complaint, which alleged wrongful foreclosure, improper notice of default, and violation of the Fair Debt Collection Practices Act.

Thomas waived any arguments about the dismissal of her wrongful foreclosure and FDCPA claims by failing to raise them in her opening brief. *See Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 928 n.6 (9th Cir. 2010). We affirm the dismissal of these claims.

We affirm the dismissal of Thomas's first improper notice of default claim, which alleged that the notice deprived Thomas of an opportunity to cure her default. The notice informed Thomas that she could bring her account into good standing by paying the past-due amounts no later than five days before the foreclosure sale. At the time of Thomas's foreclosure, Nevada law required no more than this. *See* Nev. Rev. Stat. § 107.080(3) (2008). Thomas's deed of trust contained an acceleration clause, and the notice of default was therefore allowed to contained a notice of acceleration. *See id.* Because the text of the notice of default contradicts Thomas's claim that the notice failed to inform her of her right to cure, the district court correctly dismissed this claim, and we affirm.

We affirm the dismissal of Thomas's second improper notice of default claim. Thomas never alleged that the trustee wasn't acting within his authority on

the day of the foreclosure sale, *cf. Gomez v. Countrywide Bank, FSB.*, No. 2:09-cv-01489, 2009 WL 3617650, at \*7 (D. Nev. Oct. 26, 2009), or that she was denied a reasonable opportunity to cure her default because the notice listed the wrong beneficiary and trustee, *see Title Ins. & Trust Co. v. Chi. Title Ins. Co.*, 634 P.2d 1216, 1218 (Nev. 1981). Absent such allegations, we must conclude that the sale substantially complied with Nevada law. *See* Nev. Rev. Stat. § 107.080(5)(a); *Hankins v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976).

AFFIRMED.