# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAYVIEW LOAN SERVICING, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY REGISTERED IN NEVADA,
Appellant,
vs.
HOLM INTERNATIONAL
PROPERTIES, LLC, A UTAH LIMITED
LIABILITY COMPANY REGISTERED
AS A FOREIGN LIMITED LIABILITY
COMPANY IN NEVADA; AND SUNSET
BAY CONDOMINIUM OWNERS
ASSOCIATION, A NEVADA DOMESTIC
NON-PROFIT CORPORATION,
Respondents.

No. 71715

**FILED**

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. We review the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and affirm.

Having considered the parties' arguments and the record on appeal, we are not persuaded that the district court erred in quieting title in respondent Holm International Properties' name. Consistent with this court's instructions in *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016), the district court considered the "entirety of the circumstances that bear upon the equities." In so doing, the district court determined that the equities weighed in Holm's favor because Holm was a bona fide purchaser (BFP) and appellant Bayview Loan Servicing had record notice of the notice of sale even though its predecessor was not mailed the notice of sale.

18-04323

Although Bayview takes issue with the district court's BFP determination, we agree with the district court that Holm's knowledge of the CC&Rs' mortgage savings clause and Bayview's deed of trust cannot defeat Holm's BFP status, particularly since the foreclosure sale took place after this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014). Additionally, we agree with the district court that the potential for litigation was not sufficient to defeat Holm's BFP status. *See Shadow Wood*, 132 Nev., Adv. Op. 5, 366 P.3d at 1116 (recognizing that the potential for litigation is not, in and of itself, sufficient to defeat BFP status).[1] Similarly, although Bayview contends that the foreclosure sale should be deemed void because its predecessor was not mailed the notice of sale, we agree with the district court that the equities weigh in favor of Holm since Bayview had record notice of the notice of sale for over four months before the foreclosure sale took place.[2] *See SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev., Adv. Op. 4 at 6, ___ P.3d ___ (2018) (observing that the purpose of Nevada's recording statutes is to "impart notice to all persons of the contents thereof" (quoting NRS 11.320)).

Bayview finally takes issue with the fact that the foreclosure notices referred to the CC&Rs' mortgage savings clause. To the extent

---

[1]We do not consider Bayview's additional arguments on appeal regarding Holm's BFP status because those arguments were not presented to the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[2]In this regard, *Rose v. First Federal Savings & Loan Ass'n of Nevada*, 105 Nev. 454, 777 P.2d 1318 (1989), and *Title Insurance & Trust Co. v. Chicago Title Insurance Co.*, 97 Nev. 523, 634 P.2d 1216 (1981), are distinguishable.

Bayview is arguing that these references amounted to fraud, unfairness, or oppression because they may have chilled bidding, we disagree, as there is no evidence in the record to suggest as much, and as mentioned, the foreclosure sale occurred after this court decided *SFR Investments*. To the extent Bayview is arguing that an HOA may still choose to foreclose on the subpriority portion of its lien despite NRS 116.1104, this argument was not coherently presented to the district court.[3] *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Moreover, setting aside the notices' references to the CC&Rs in general, there is no evidence in the record to suggest that the HOA in this case made such a choice.[4] To the contrary, the trustee's deed that Holm received states that the HOA conveyed "*all* its right, title and interest in the property" (emphasis added), which indicates that the HOA did not choose to conduct a subpriority-only foreclosure in this case.

Accordingly, we are not persuaded that the district court erred in granting summary judgment and in quieting title in Holm's name. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[3]While we recognize that Bayview quoted NRS 116.3116(7) (2013), it is not self-evident how that statute supports Bayview's argument.

[4]In this respect, *ZYZZX2 v. Dizon*, No. 2:13-cv-1307, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2016), is distinguishable.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Joseph Hardy, Jr., District Judge
Kathleen M. Paustian, Settlement Judge
Akerman LLP/Las Vegas
Mortenson & Rafie, LLP
Lipson Neilson Cole Seltzer & Garin, P.C.
Eighth District Court Clerk