## IN THE SUPREME COURT OF THE STATE OF NEVADA

COLLEGIUM FUND LLC SERIES 16, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATED TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3,
Respondent.

No. 74879

FILED

JUN 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court determined that the foreclosure sale was void because the HOA's agent failed to mail the Notice of Sale to respondent, the record beneficiary of the first deed of trust at the time of the sale. The district court's reasoning was consistent with this court's subsequent decision in *SFR Investments Pool 1, LLC v. Bank of N.Y. Mellon*, 134 Nev., Adv. Op. 58, 422 P.3d 1248, 1252 (2018), which held that the pre-2015 version of NRS 116.31168(1), via its total incorporation of NRS 107.090,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-27438

required an HOA to "provide notice to the holder of the first security interest as a subordinate interest."

In *SFR Investments*, this court presupposed that the first deed of trust beneficiary's mailing address would be publicly recorded, which is not the case here. However, we need not determine whether NRS 107.090 requires an HOA to proactively seek out a beneficiary's mailing address, as it is undisputed that respondent's loan servicer/agent had actual notice of the foreclosure sale before it occurred.[2] *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250, 396 P.3d 754, 757 (2017) (observing that a loan servicer acts as a beneficiary's agent by virtue of the servicer administering the mortgage on behalf of the beneficiary); *Strohecker v. Mut. Bldg. & Loan Ass'n*, 55 Nev. 350, 355, 34 P.2d 1076, 1077 (1934) (recognizing that an agent's knowledge is imputed to the principal); 3 Am. Jur. 2d *Agency* § 255 (2018) ("Generally, the principal is chargeable with, and bound by, the knowledge of or notice to an agent.").

This court has held that failure to strictly comply with statutory notice provisions does not render a foreclosure sale void when the party entitled to notice had actual notice and was not prejudiced by the failure to be mailed the required notice. *W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 134 Nev., Adv. Op. 47, 420 P.3d 1032, 1035 (2018); *Schleining v. Cap One, Inc.*, 130 Nev. 323, 329-30, 326 P.3d 4, 8 (2014); *see also* 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & Wilson Freyermuth, *Real Estate Finance Law* § 7.21 n.8 (6th ed. 2014) (citing *Amos v. Aspen Alps 123,*

[2]We decline to consider in the first instance whether receiving the Notice of Sale was within the scope of Recontrust's agency relationship with respondent, such that mailing the Notice of Sale to Recontrust may have been effective to satisfy NRS 107.090.

*LLC*, 280 P.3d 1256, 1260 (Colo. 2012), for the proposition that a foreclosure sale is not void despite failure to give statutorily required notice when the party entitled to notice had actual notice). Consequently, because respondent's agent had actual notice of the foreclosure sale, which was imputed to respondent, the district court may have erred in declaring the sale void.[3] As the failure to mail the Notice of Sale to respondent formed the sole basis for the district court's judgment, reversal is required. We decline to consider in the first instance whether alternative grounds may exist for setting aside the sale under *West Sunset*, *Schleining*, or *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev. 49, 59-60, 366 P.3d 1105, 1112 (2016) (recognizing that district courts retain equitable authority to set aside a foreclosure sale when there is an inadequate sales price accompanied by fraud, unfairness, or oppression). In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

---

[3]In this regard, *Title Insurance & Trust Co. v. Chicago Title Insurance Co.* is distinguishable, as the entity entitled to notice in that case did not have actual notice. 97 Nev. 523, 525, 634 P.2d 1216, 1217 (1981).

cc: Hon. William D. Kephart, District Judge
Clark Newberry Law Firm
Akerman LLP/Las Vegas
Gerrard Cox & Larsen
Eighth District Court Clerk