# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARCPE 1, LLC,
Appellant,
vs.
PARADISE HARBOR PLACE TRUST;
AND HERITAGE ESTATES
HOMEOWNERS ASSOCIATION,
Respondents.

No. 76147

FILED

SEP 16 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment and a district court order granting a motion to dismiss in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

The district court determined that the HOA's agent properly mailed the Notice of Sale to the beneficiary under the deed of trust, ARCPE's predecessor-in-interest, at the time of the sale. Reviewing the summary judgment and motion to dismiss de novo, we affirm.[1] *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

ARCPE 1 argues on appeal that the foreclosure sale was invalid because proper notice of the sale was not provided, however, the record before us demonstrates that ARCPE's predecessor-in-interest's loan

---

[1]As the parties are familiar with the complicated history underlying this appeal, we do not set forth those facts in this order.

19-38549

servicer/agent had actual notice of the foreclosure sale before it occurred. Because ARCPE's predecessor-in-interest's agent had actual notice of the foreclosure sale, this notice was imputed to ARCPE's predecessor and the district court properly found that the HOA gave proper notice of the sale.[2] The district court correctly found, therefore, that the foreclosure sale was valid and Paradise Harbor Trust took title to the property free and clear of the first deed of trust. *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250, 396 P.3d 754, 757 (2017) (observing that a loan servicer acts as a beneficiary's agent by virtue of the servicer administering the mortgage on behalf of the beneficiary); *see also Strohecker v. Mut. Bldg. & Loan Ass'n of Las Vegas*, 55 Nev. 350, 355, 34 P.2d 1076, 1077 (1934) (recognizing that an agent's knowledge is imputed to the principal).

Moreover, a failure to strictly comply with statutory notice provisions does not render a foreclosure sale void when the party entitled to notice had actual notice and was not prejudiced. *W. Sunset 2050 Tr. V. Nationstar Mortg., LLC*, 134 Nev. 352, 354-55, 420 P.3d 1032, 1035 (2018) ("Nationstar's failure to allege prejudice resulting from defective notice dooms its claim that the defective notice invalidates the HOA sale."); *Schleining v. Cap One, Inc.*, 130 Nev. 323, 329-30, 326 P.3d 4, 8 (2014); *see*

---

[2]We decline to consider in the first instance whether receiving the Notice of Sale was within the scope of Fidelity's relationship with ARCPE's predecessor-in-interest, such that mailing the Notice of Sale to Fidelity may have been effective to satisfy NRS 107.090. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

*also* 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, *Real Estate Finance Law* § 7.21 n.8 (6th ed. 2014) (citing *Amos v. Aspen Alps 123, LLC*, 280 P.3d 1256, 1260 (Colo. 2012), for the proposition that a foreclosure sale is not void despite failure to give statutorily required notice when the party entitled to notice had actual notice).[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Stefany Miley, District Judge
       Janet Trost, Settlement Judge
       Wright, Finlay & Zak, LLP/Las Vegas
       Gordon & Rees Scully Mansukhani LLP
       Law Offices of Michael F. Bohn, Ltd.

---

[3]In light of our decision, we decline to consider ARCPE's remaining arguments. *Edwards v. City of Reno*, 45 Nev. 135, 143, 198 P. 1090, 1092 (1921) ("Appellate courts do not give opinions on moot questions or abstract propositions."). We also conclude that the district court did not err by granting the HOA's motion to dismiss. All of ARCPE's counterclaims rested on improper notice, and subsequently, an improper foreclosure sale; having concluded that notice and the sale were proper, we affirm the district court.

SUPREME COURT
OF
NEVADA

(O) 1947A

Eighth District Court Clerk

