# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID MAHON, AN INDIVIDUAL; INTELLECTUAL PROPERTIES HOLDING, LLC, A NEVADA LIMITED LIABILITY COMPANY; JACKPOT PRODUCTIONS, LLC, A NEVADA LIMITED LIABILITY COMPANY; FULL COLOR GAMES, INC., A NEVADA CORPORATION; AND FULL COLOR GAMES, N.A., INC., A NEVADA CORPORATION,
Appellants,
vs.
HOWARD & HOWARD ATTORNEYS PLLC, A MICHIGAN LIMITED LIABILITY COMPANY,
Respondent.

No. 81152



FILED

NOV 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

DAVID MAHON, AN INDIVIDUAL; INTELLECTUAL PROPERTIES HOLDING, LLC, A NEVADA LIMITED LIABILITY COMPANY; JACKPOT PRODUCTIONS, LLC, A NEVADA LIMITED LIABILITY COMPANY; FULL COLOR GAMES, INC., A NEVADA CORPORATION; AND FULL COLOR GAMES, N.A., INC., A NEVADA CORPORATION,
Appellants,
vs.
HOWARD & HOWARD ATTORNEYS PLLC, A MICHIGAN LIMITED LIABILITY COMPANY,
Respondent.

No. 81468

SUPREME COURT
OF
NEVADA

(O) 1947A

21-34115

## ORDER REVERSING, VACATING, AND REMANDING

These are consolidated appeals from district court orders dismissing a complaint in a professional negligence matter and awarding attorney fees. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellants David Mahon and his various companies[1] (collectively Mahon) asserted legal malpractice claims against respondent Howard & Howard Attorneys, PLLC (H2) for its services regarding Mahon's patent, copyright, and trademark applications. In April 2010, Mahon and Richard H. Newman, who at the time was an attorney and later a partner with H2, executed the "Assignment of Gross Revenue Interest" (AGRI), a business agreement that provided that Newman would represent Mahon in exchange for five percent of the gross revenue interest in their joint business. H2 was not a party to this agreement and denies having knowledge of this arrangement. For about four years, Newman was the primary H2 attorney who handled Mahon's intellectual property rights (IPR). Thereafter, Newman left H2 and Mahon transferred his IPR work to Newman's new solo law firm.

In August 2016, Newman and Mahon had a falling out, which prompted Mahon to "audit" Newman's work. As a result of this audit, Mahon discovered that throughout the time that Newman and H2 represented him, many of Mahon's IPR applications had been rejected and that several others had been abandoned. In 2018, Mahon filed malpractice

---

[1]Mahon's companies include Intellectual Properties Holding, LLC, and Jackpot Productions, LLC, which are both Nevada limited liability companies; and Full Color Games, Inc., and Fully Color Games, N.A., Inc., both Nevada corporations.

claims against both H2 and Newman, but Newman was later dismissed due to improper service. H2 filed a motion to dismiss after Mahon rejected its offer of judgment for $100,000.

The district court concluded that Mahon had knowledge of the underlying facts of his malpractice claim against H2 by October 28, 2014, the date when Mahon terminated his relationship with H2. To reach this conclusion, the district court relied on the doctrine providing that a corporate agent's knowledge—i.e. Newman's knowledge of his own malfeasance—can be imputed to its principal—Mahon. Thus, Mahon's claim accrued on October 28, 2014, and, under NRS 11.207(1),[2] expired on October 28, 2016—almost two years before Mahon filed his complaint. Accordingly, the district court dismissed Mahon's complaint, finding that Mahon's professional negligence claim against H2 was untimely under NRS 11.207(1). Thereafter, the court awarded H2 attorney fees and costs under NRCP 68. Mahon appeals both of these orders.

Mahon argues on appeal that the district court erred by granting H2's motion to dismiss because Newman's knowledge cannot be imputed to him—the victim of Newman's wrongdoing. Mahon contends that his claim is not untimely because he could not have discovered H2's malpractice prior to his "audit" of Newman's work. We review de novo a dismissal for failure to state a claim under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). "A court can dismiss a complaint for failure to state a claim upon which relief

---

[2]Under NRS 11.207(1), a claimant must assert his or her legal malpractice claim either "[four] years after the plaintiff sustains damage or within [two] years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier."

can be granted if the action is barred by the statute of limitations." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998). "In making this determination, this court must accept all the factual allegations in the complaint as true." *Id.* at 1024, 967 P.2d at 440.

Although notice to a corporation's officer is notice to the corporation itself, *see Strohecker v. Mut. Bldg. & Loan Ass'n of Las Vegas*, 55 Nev. 350, 355, 34 P.2d 1076, 1077 (1934), that rule does not apply where the officer acts against the interests of the corporation. *First Nat'l Bank of Nev. v. Dean Witter & Co.*, 84 Nev. 303, 307, 440 P.2d 391, 394 (1968) ("[A] principal will not be charged with the knowledge of an agent . . . where the knowledge is adverse to the company and naturally would not be communicated to it."); *see also SEC v. Seaboard Corp.*, 677 F.2d 1301, 1310 (9th Cir. 1982) (reasoning that an agent's knowledge cannot be imputed to the corporation "because he was alleged to be a participant in the fraud against it"). Here, although Newman was a corporate officer for one of Mahon's companies, it was patently against Newman's own interests to notify either Mahon or Mahon's company of his own negligent handling of Mahon's IPR. Thus, the district court erred by imputing Newman's knowledge of his own misconduct to Mahon.

Having determined that the district court erroneously imputed Newman's knowledge to Mahon, we next consider Mahon's argument that his malpractice claim against H2 should be tolled under NRS 11.207(2) because Newman and H2 concealed their wrongdoing. Mahon argues that, at the earliest, he discovered his claim against H2 in August 2016 when he realized that many of his IPR applications had lapsed. H2 responds that Mahon was at least on inquiry notice of his malpractice claim against H2 when their relationship ended because Newman told Mahon that H2 was

an untrustworthy firm and convinced him to transfer all his IPR work to Newman's new solo firm.

Generally, "a legal malpractice action does not accrue until the plaintiff knows, or should know, all the facts relevant to the foregoing elements and damage has been sustained." *Hewitt v. Allen*, 118 Nev. 216, 221, 43 P.3d 345, 347-48 (2002). This general rule is known as the discovery rule. *See Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990) (explaining the discovery rule). In the context of legal malpractice, "[t]he rationale for the [discovery] rule is that a client has the right to rely on the attorney's expertise; moreover, the injury is often to intangible property interests, and is thus difficult to detect." *Oak Grove Inv'rs v. Bell & Gossett Co.*, 99 Nev. 616, 622, 668 P.2d 1075, 1079 (1983), *disapproved of on other grounds by Calloway v. City of Reno*, 116 Nev. 250, 263-65, 993 P.2d 1259, 1267-69 (2000), *overruled on other grounds by Olson v. Richard*, 120 Nev. 240, 243-44, 89 P.3d 31, 33 (2004). A client does not have a duty to investigate his attorney's malfeasance unless a reasonable person under the same circumstances would have suspicions of malfeasance. *See Johnson v. Haberman & Kassoy*, 247 Cal. Rptr. 614, 618 (Ct. App. 1988) ("A client damaged in the context of an attorney-client relationship is under no duty to investigate his attorneys' actions unless he has actual notice of facts sufficient to arouse the suspicions of a reasonable person.").

Here, Mahon alleged that H2 and Newman did not notify him of any of the many notices of defects in his IPR applications during the time of their relationship. Because Mahon is entitled to trust his attorneys and he alleged that H2 and Newman concealed their negligence, it would be improper to determine as a matter of law that Mahon was on inquiry notice. *See Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998)

SUPREME COURT
OF
NEVADA

(O) 1947A

5

("Dismissal on statute of limitations grounds is only appropriate 'when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered' the facts giving rise to the cause of action." (quoting *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992) (internal quotation marks omitted)). As such, we conclude that a factual issue remains as to when Mahon's malpractice claim against H2 accrued.

For these same reasons, we further conclude that an issue of fact remains as to whether Mahon's claim may be tolled under NRS 11.207(2). NRS 11.207(2) provides that even if a claimant does not timely assert his legal malpractice claim, the statute of limitations period "is tolled for any period during which the attorney . . . *conceals any act, error or omission upon which the action is founded* and which is known or through the use of reasonable diligence should have been known to the attorney." (Emphasis added.) Thus, whether Mahon's claim is untimely and, if so, whether his claim may be tolled under NRS 11.207(2), remain questions of fact that the district court should determine on remand. *See Bemis*, 114 Nev. at 1025, 967 P.2d at 440 ("Whether plaintiffs exercised reasonable diligence in discovering their causes of action 'is a question of fact to be determined by the jury or trial court after a full hearing.'" (quoting *Millspaugh v. Millspaugh*, 96 Nev. 446, 448, 611 P.2d 201, 203 (1980))).

Because we conclude the district court erred by imputing Newman's knowledge of his own misconduct to Mahon and because issues of fact remain as to whether Mahon's claim is untimely and, if untimely, whether his claim may be tolled under NRS 11.207(2), we further conclude that the district court erred in granting H2's motion to dismiss and we thus reverse the district court's order. Because we reverse the district court's

dismissal order, we conclude that the district court's award of attorney fees and costs to H2 pursuant to NRCP 68 was improper and must be vacated.[3]

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court REVERSED, VACATE the district court's order awarding attorney fees and cost, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. James Crockett, District Judge
Eleissa C. Lavelle, Settlement Judge
Hutchison & Steffen, LLC/Las Vegas
Santoro Whitmire
Eighth District Court Clerk

---

[3]Insofar as the parties raise arguments not specifically addressed in this order, we have considered them and conclude that they are without merit.